**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| ERIC McDANIELS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 107-021 |
| | ) | |
| COLUMBIA COUNTY DETENTION CENTER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate incarcerated at the Columbia County Detention Center ("CCDC") in Appling, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983. Because Plaintiff's complaint was filed *in forma pauperis*, it must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e) & 1915A.

## I. BACKGROUND

*Liberally* construing Plaintiff's complaint, the Court finds the following. Plaintiff names the following Defendants: (1) the CCDC, (2) Gary Warrent, Head Medical Nurse, and (3) Ann Carlan, Nurse. (Doc. no. 1, pp. 1, 4-5).

Plaintiff states that he is presently suffering from a mental health disorder and submitted two (2) sick call forms requesting a mental health evaluation in January 2007. (Id. at 5). Plaintiff contends that Defendant Warrent spoke with him and told him that he would be seen by a doctor on January 25, 2007. (Id.). According to Plaintiff, Defendant Carlan visited him on January 22, 2007, and requested that the officer on duty perform a "sleep watch" on the night of January 23, 2007. (Id.). Plaintiff claims that the officer on duty did nothing. (Id.).

Plaintiff states that he filed a grievance on January 25, 2007, alleging that the officer on duty did not follow Defendant Carlan's instructions. (Id.). Plaintiff claims that, in response his grievance, he was informed that the on-duty officer did not know about the sleep watch and that another study would be scheduled if it was ordered by a member of the medical staff. (Id.). Subsequently, Defendant Carlan allegedly told Plaintiff that nothing could be done for his condition because he was not on medication when he arrived at the CCDC. (Id.).

Plaintiff states that he has a serious mental health problem that needs to be evaluated. However, despite his complaints, he claims that Defendants Carlan and Warrent have refused to properly evaluate and provide treatment for his condition. Plaintiff states that he needs

2

"help" and that without proper treatment, he is concerned that he may become violent and harm someone. (Id. at 6-7).

## II. DISCUSSION

Plaintiff's claim against the CCDC fails as a matter of law. Plaintiff must sue the individuals personally involved in the wrongs he alleges or, if attempting to state a claim against a municipality under § 1983, set forth facts which demonstrate that the execution of the municipality's policy or custom inflicted the injury complained of. Griffin v. City of Opa-Locka, 261 F.3d 1295, 1307 (11th Cir. 2001). Plaintiff has not named a municipality or identified any county policy or custom which led to a violation of his constitutional rights. Accordingly, Plaintiff fails to state a claim upon which relief may be granted against the CCDC, and the CCDC should be dismissed from this action.

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Defendant CCDC be **DISMISSED** from this case.[1]

SO REPORTED and RECOMMENDED this 12th day of May, 2007, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[1] By separate Order, the Court has directed that service of process be effected on Defendants Carlan and Warrent based on Plaintiff's allegations of deliberate indifference to a serious medical need.

3